UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                Plaintiff,

       v.

JENNIFER FORD,

                Defendant.
_____

REPORT AND RECOMMENDATION

11-CR-6025

        By Order of Hon. Charles J. Siragusa, United States District Judge, dated February 1, 2011, all pretrial matters in the above-captioned case have been referred to this Court pursuant to 28 U.S.C. §§ 636(b)(1)(A)-(B). (Docket # 2).

        On June 28, 2011, defendant Jennifer Ford ("Ford") requested a hearing on her motion to suppress certain statements made to law enforcement at her residence on June 29, 2006 on the grounds that "her will was overborne and her capacity for self-determination was critically impaired." (Docket # 18 at 18-19).[1] In support of her motion and request for a hearing, Ford submitted an affidavit of her attorney, who was not present at the time of the statements. (*Id.*). The government contends that no hearing is required in the absence of a supporting affidavit of a person with knowledge. (Docket # 21 at 9-10).

---

[1] Ford's omnibus motion also sought, *inter alia*, *Brady* material, discovery and inspection, rulings on evidentiary matters under Rules 404, 608 and 609 of the Federal Rules of Evidence and *Jencks* material. (Docket # 18). Each of these requests was either resolved by the parties or decided in open court by the undersigned on August 3, 2011. (Docket # 23).

At oral argument on the motion, this Court gave Ford additional time to submit such an affidavit. After various extensions, the final deadline was set for September 19, 2011. (Docket # 26). Ford failed to file any affidavit with this Court by that date or request any further extensions of that deadline.

An evidentiary hearing is required where a defendant demonstrates a "sufficient definite, specific, detailed, and nonconjectural" issue of fact. *United States v. Pena*, 961 F.2d 333, 339 (2d Cir. 1992); *United States v. Richardson*, 2010 WL 5553995, *1 (W.D.N.Y. 2010) ("[i]n order to warrant a suppression hearing, the defendant must demonstrate a specific factual dispute that can be resolved by a hearing"; collecting cases), *report and recommendation adopted*, 2011 WL 53476 (W.D.N.Y. 2011). An attorney's affidavit made without personal knowledge is insufficient to create an issue of fact requiring an evidentiary hearing. *United States v. Gillette*, 383 F.2d 843, 848 (2d Cir. 1967); *United States v. Ahmad*, 992 F. Supp. 682, 685 (S.D.N.Y. 1998). In the absence of a demonstrated issue of fact, "there is no basis for holding an evidentiary hearing or suppressing the evidence." *United States v. Ahmad*, 992 F. Supp. at 685; *see also United States v. Richardson*, 2010 WL 5553995 at *1 (recommending that the district court deny motion to suppress statements where no issue of fact existed).

Here, Ford has submitted only an affidavit of her attorney, who does not have personal knowledge of the circumstances of her alleged statements. Thus, Ford has not demonstrated the existence of an issue of fact warranting an evidentiary hearing. Nor do her papers demonstrate that suppression is warranted as a matter of law.

Accordingly, I recommend that the district court deny Ford's motion to suppress statements. (Docket # 18).

s/Marian W. Payson
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
October 24, 2011

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 58.2(a)(3) of the Local Rules of Criminal Procedure for the Western District of New York.[2]

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.,* 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2(a)(3) of the Local Rules of Criminal Procedure for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2(a)(3) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**IT IS SO ORDERED.**

                                                   s/Marian W. Payson
                                                   MARIAN W. PAYSON
                                                   United States Magistrate Judge

Dated: Rochester, New York
         October 24, 2011

---

[2] Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(D) commences with the filing of this Report and Recommendation. Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the fourteen days allowed for filing objections has elapsed. *United States v. Andress*, 943 F.2d 622 (6th Cir. 1991); *United States v. Long*, 900 F.2d 1270 (8th Cir. 1990).